IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| STEFANOS A. PEROUSTIANIS, | Case No. 15-08812 |
| Debtor. | Honorable Pamela S. Hollis |

### CERTIFICATE OF SERVICE BY MAIL

I, Barry A. Chatz, an attorney, certify I caused a copy of the attached Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (NFR) to be sent to all creditors and other parties in interest of Stefanos A. Peroustianis, which are listed on the attached Service List by deposit in U.S. Mail, first class postage prepaid, on September 29, 2017.

/s/ Barry A Chatz, Trustee

Barry A. Chatz (ARDC# 06196639)
161 North Clark Street
Suite 4200
Chicago, IL 60601
(312) 876-7100
(312) 876-0288 Facsimile
barry.chatz@saul.com

Amos Financial LLC
3330 Skokie Valley Road
Suite 301
Highland Park, IL 60035-1044

Arizona Mail Order
3740 E 34th St
Tucson, AZ 85713-5305

Boodell & Domanskis, LLC
353 N. Clark Street
Ste. 1800
Chicago, IL 60654-3455

Cap1/Bstby
26525 N Riverwoods Blvd
Mettawa, IL 60045-3440

Chase Card
Po Box 15298
Wilmington, DE 19850-5298

George Dernis
6612 N. Spokane lane
Lincolnwood, IL 60712-3006

George Vasilopoulos
4828 N. Clifton
Harwood Heights, IL 60706

Gerassimos Ferentinos
5224 W. Diversey
2nd Floor
Chicago, IL 60639-1502

Louis Vasilopoulos
4828 N. Clifton
Harwood Heights, IL 60706

Mb Fin Svcs
36455 Corporate Dr
Farmington Hills, MI 48331-3552

Premier Bank
1210 Central Ave.
Wilmette, IL 60091-2568

Quicken Loans
1050 Woodward Ave
Detroit, MI 48226-1906

Quicken Loans, Inc.
C/O Potestivo & Associates, P.C
811 South Blvd, Suite 100
Rochester Hills, MI 48307-5359

Sears/Cbna
Po Box 6283
Sioux Falls, SD 57117-6283

William Factor
1363 Shermer
Ste. 224
Northbrook, IL 60062-4575

Constantine Dean Matsas
C  Dean Matsas & Associates, PC
5153 N Broadway
Chicago, IL 60640-3000

Lois West
Popowcer Katten Ltd
35 E Wacker Dr, Suite 902
Chicago, Il 60601-2124

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Stefanos A. Peroustianis
6541 N. Washtenaw
Chicago, IL 60645-5307

## UNITED STATES BANKRUPTCY COURT
NORTHERN **DISTRICT OF** ILLINOIS
EASTERN **DIVISION**

| In re: | § | |
| --- | --- | --- |
| | § | |
| STEFANOS A. PEROUSTIANIS | § | Case No. 15-08812 |
| | § | |
| Debtor | § | |

### NOTICE OF TRUSTEE'S FINAL REPORT AND
### APPLICATIONS FOR COMPENSATION
### AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that BARRY A. CHATZ, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
                    219 S. Dearborn Street
                    Chicago, IL  60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, serve a copy of the objection upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:30 a.m. on Thursday, November 30, 2017 in Courtroom 644, U.S. COURTHOUSE, 219 S. DEARBORN ST., CHICAGO, IL 60604.

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 09/29/2017              By: /s/ Barry A. Chatz, Trustee
                                             Trustee


*BARRY A. CHATZ*
*161 NORTH CLARK STREET*
*SUITE 4200*
*CHICAGO, IL  60601*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: §
§
STEFANOS A. PEROUSTIANIS § Case No. 15-08812
§
Debtor §

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---|
| The Final Report shows receipts of | $ | 355,394.82 |
| and approved disbursements of | $ | 265,188.64 |
| leaving a balance on hand of[1] | $ | 90,206.18 |

Claims of secured creditors will be paid as follows:

### NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: BARRY A. CHATZ | $ 19,614.76 | $ 0.00 | $ 19,614.76 |
| Trustee Expenses: BARRY A. CHATZ | $ 85.47 | $ 0.00 | $ 85.47 |
| Attorney for Trustee Fees: GREGORY K. STERN, P.C. | $ 48,227.50 | $ 0.00 | $ 48,227.50 |
| Attorney for Trustee Expenses: GREGORY K. STERN, P.C. | $ 1,672.57 | $ 0.00 | $ 1,672.57 |
| Accountant for Trustee Fees: Kutchins Robbins & Diamond Ltd. | $ 1,249.50 | $ 0.00 | $ 1,249.50 |
| Charges: CLERK OF THE U.S. BANKRUPTCY COURT | $ 1,400.00 | $ 0.00 | $ 1,400.00 |
| Total to be paid for chapter 7 administrative expenses | | $ | 72,249.80 |
| Remaining Balance | | $ | 17,956.38 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,334,758.17 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 1.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Amos Financial LLC | $ 1,334,758.17 | $ 0.00 | $ 17,956.38 |
| | Total to be paid to timely general unsecured creditors | | $ | 17,956.38 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

NONE

    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

                              Prepared By: /s/ Barry A. Chatz, Trustee
                                                          Trustee

*BARRY A. CHATZ*
*161 NORTH CLARK STREET*
*SUITE 4200*
*CHICAGO, IL  60601*

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.